IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ENNO, Individually and on** | : | |
| **behalf of others similarly situated,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **VBIT TECHNOLOGIES CORP. et al,** | : | |
| *Defendants* | : | **No.   22-4006** |

## MEMORANDUM

PRATTER, J.                                                                          MARCH _𝒟𝒪_, 2023

Michael Enno, on behalf of himself and others similarly situated, brought this class action

alleging that various defendants engaged in fraud and breach of contract arising out of a

cryptocurrency mining operation.  Mr. Enno properly served two Defendants, VBit Technologies

Corp. and VBit Mining LLC, but has so far been unable to serve process on Danh Cong Vo, VBit's

founder and former CEO.  Mr. Enno asserts that Mr. Vo is intentionally avoiding service, so Mr.

Enno has filed a motion asking the Court to approve an alternative method of service.  The Court

agrees that Mr. Enno has conducted as thorough an effort to serve Mr. Vo as Pennsylvania law and

the Federal Rules of Civil Procedure require.  The Court is also satisfied that one of Mr. Enno's

three proposed alternative methods of service is reasonably calculated to reach Mr. Vo.  Therefore,

the Court grants Mr. Enno's motion.

### BACKGROUND

Mr. Enno filed this class action complaint on October 7, 2022, and was required to serve

all defendants, including Mr. Vo, by January 5, 2023.  Fed. R. Civ. P. 4(m).  Mr. Enno's efforts to

serve Mr. Vo began with Milena Dolukhanyan, an attorney retained by Mr. Vo in a separate matter

brought against the same group of defendants arising from similar allegations in the U.S. District

1

Court of Delaware. *See Huntley v. VBit Techs. Corp.*, No. 1:22-cv-01164 (D. Del.). On October

3, 2022, Ms. Dolukhanyan filed an answer in the *Huntley* action on Mr. Vo's behalf. Mr. Enno

contacted Ms. Dolukhanyan on October 27, 2022, to ask if she was authorized to accept service

on Mr. Vo's behalf. Ms. Dolukhanyan informed Mr. Enno that she was not. Mr. Enno then

attempted to serve process at one of Mr. Vo's listed addresses where his brother had previously

accepted service on Mr. Vo's behalf in the *Huntley* matter but the server of process was met by a

different person who claimed that she did not know Mr. Vo. Mr. Enno proceeded to ask counsel

for Mr. Vo's ex-wife how to serve Mr. Vo and hired an investigator to locate Mr. Vo at another of

his listed residential addresses, both efforts to no avail.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) permits service by "following state law for serving

a summons in an action brought in courts of general jurisdiction in the state where the district court

is located or where service is made." Because this case is in the Eastern District of Pennsylvania,

the Pennsylvania Rules of Civil Procedure apply. Under Pennsylvania law, "[i]f service cannot be

made under the applicable rule the plaintiff may move the court for a special order directing the

method of service." Pa. R. Civ. P. 430(a).

However, alternative service is a last resort, and a plaintiff moving for alternative service

under Rule 430(a) must show "(1) a good faith effort to locate the defendant; (2) practical efforts

to serve the defendant under these circumstances; and (3) a method of alternative service that is

reasonably calculated to provide the defendant with notice." *Barbosa v. Dana Cap. Grp., Inc.*,

No. 07-cv-1724, 2009 WL 902339, at *4 (E.D. Pa. Mar. 31, 2009).

DISCUSSION

## I.   Good Faith Efforts to Locate the Defendant

Rule 430(a) sets out a non-exhaustive list of methods for locating a defendant, including making inquiries of postal authorities and relatives and friends of the defendant, examining voter registration records, and local tax records. Pa. R. Civ. P. 430(a); *see also Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 946 (Pa. Super. Ct. 1989). Mr. Enno has detailed his extensive efforts to locate Mr. Vo, including identifying two of Mr. Vo's listed residences, contacting Mr. Vo's counsel and that of his ex-wife, identifying the address at which process had been recently served successfully on Mr. Vo, and hiring an investigator to determine Mr. Vo's current whereabouts. This satisfies the good faith requirement.

## II.   Practical Efforts to Serve the Defendant

To obtain leave for alternative service, Mr. Enno must establish that he has made reasonable efforts to serve Mr. Vo, which may require multiple attempts at service at different times of day or on different days of the week. *See Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006). "The number of times a plaintiff attempts to make service is not necessarily determinative of whether the efforts were reasonable and practical, but it is certainly probative." *Banegas v. Hampton*, No. 08-cv-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009). Where a plaintiff makes multiple repeated attempts, courts have generally found those efforts to be sufficient. *See, e.g., United States v. Muhammad*, No. 08-cv-5745, 2009 WL 605996, at *2 (E.D. Pa. Mar. 9, 2009) (seven attempts at service sufficient). Timing is also relevant; attempts made on the same or consecutive days, or at the same time of day, may not constitute a sufficiently reasonable effort to serve. *See, e.g., Calabro*, 464 F. Supp. 2d at 473 (three attempts, with two falling on the same day of the week and two at the same time of day insufficient); *Barbosa*, No.

3

2009 WL 902339, at \*6–\*7 (two attempts made on consecutive days of the week insufficient); *cf. Muhammad*, 2009 WL 605996, at \*2 (attempted service on six days of the week and at different times of day sufficient).

Here, Mr. Enno made one attempt to serve Mr. Vo at the address where his brother had previously accepted service, only to be turned away from there by a woman claiming not to know Mr. Vo. Mr. Enno did not make any further attempts to serve Mr. Vo at this address. Instead, he made three separate efforts to serve Mr. Vo at another of his listed addresses, on December 22, December 23, and December 26, 2022, again all without success. Under ordinary circumstances, Mr. Enno's single attempt to serve Mr. Vo at his first address would be insufficient to show practical efforts were made. *See, e.g., De Lage Landen Fin. Servs., Inc. v. Convrgd Data Tech, Inc.*, No. 20-cv-3621, 2020 WL 6800316, at \*3 (E.D. Pa. Nov. 19, 2020). Similarly, Mr. Enno's three attempts to serve Mr. Vo at his other address—two on consecutive days and the third the day after Christmas and all in the same week—would normally be insufficient. The Court notes, however, that Mr. Enno was informed by the occupant of the first address that she did not know Mr. Vo and by Mr. Vo's ex-wife that Mr. Vo no longer resided at the second listed address. It would be futile, and thus unreasonable, to require Mr. Enno to make additional attempts to serve Mr. Vo at an address where he apparently does not reside. *See De Lage*, 2020 WL 6800316, at \*2 (further attempts to serve defendant at a location that has been vacated would be futile). Under these circumstances, then, Mr. Enno's attempts at personal service, coupled with his outreach to Mr. Vo's counsel and ex-wife, are sufficiently practical.

## III.   Alternative Method of Service

Due process requires that any alternative method of service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford

4

them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Mr. Enno proposes three alternative methods of service: (1) email to three of Mr. Vo's own accounts; (2) certified mail to VBit's registered agent, Legal Inc. Corporate Services, Inc.; and (3) certified mail and email to Mr. Vo's counsel, Ms. Dolukhanyan.

"As a general matter, service by e-mail has been upheld as satisfying the due process requirement." *Genus Lifesciences Inc. v. Tapaysa Eng'g Works Pvt. Ltd.*, No. 20-cv-3865, 2021 WL 915662, at *5 (E.D. Pa. Mar. 10, 2021). But a plaintiff must still present some evidence that a defendant is likely to receive the email. *Id.* This is usually satisfied by evidence that the defendant regularly receives email at a given email address. *See, e.g., Patrick's Rest., LLC v. Singh*, No. 18-cv-00764, 2019 WL 121250, at *4 (D. Minn. Jan. 7, 2019). Here, though, Mr. Enno does not provide any evidence that any of the three proposed email addresses has or have ever been used by Mr. Vo or that he is likely to receive an email sent to any of them. Therefore, this method of alternative service is not reasonably calculated to reach Mr. Vo and is insufficient.

Mr. Enno's second proposed alternative, certified mail to VBit's registered agent, raises other due process concerns. At one point, Mr. Vo was the CEO of VBit, but he is no longer employed in any capacity at VBit. Service to a defendant's former place of employment is insufficient under Federal Rule of Civil Procedure 4(e)(2). *See Patterson v. City of Phila.*, No. 08-cv-2140, 2009 WL 1259968, at *7–*8 (E.D. Pa. May 1, 2009). And while Pennsylvania law permits service "at any office or usual place of business of the defendant to his agent or the person for the time being in charge thereof," Pa. R. Civ. P. 402(a)(2)(iii), VBit is no longer home to Mr. Vo's office or usual place of business, and VBit's registered agent is not Mr. Vo's registered agent. *See Johnson-Lloyd v. Vocational Rehabilitation Office*, 813 F. Supp. 1120, 1124–25 (E.D. Pa.

1993) (service to retired employee at officer of former employer insufficient). This method of service is thus not reasonably calculated to provide the requisite notice to Mr. Vo.

Mr. Enno's final proposed method of service, certified mail and email to Ms. Dolukhanyan, stands on stronger practical footing. Ms. Dolukhanyan currently represents Mr. Vo in a pending case, and it seems that Mr. Enno has been in regular contact with her about this matter. It is therefore reasonably likely that service sent to Ms. Dolukhanyan will reach Mr. Vo. *See Grange Ins. Co. v. Hankin*, No. 21-cv-11928, 2022 WL 855694, at *4 (D. N.J. March 23, 2022) (service by certified mail and email to defendant's known counsel satisfied due process); *Divx, LLC v. LEG Elecs. Inc.*, No. 20-cv-1202, 2021 WL 411708, at *2 (D. Del. Feb. 5, 2021) (service by email to defendant's counsel satisfied due process where record showed that defense counsel had been in contact with plaintiffs about the pending action). Accordingly, the Court finds that this alternative method of service is sufficient.

## CONCLUSION

For the foregoing reasons, Mr. Enno has demonstrated good faith and practical efforts to serve Mr. Vo and identified one sufficient alternative method of service. The Court therefore grants his motion for alternative service by certified mail and email to Milena Dolukhanyan, Gartenberg Gelfand Dolukhanyan, LLP, 15303 Ventura Blvd., Suite 900, Sherman Oaks, California, 91403. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE