# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ENNO, Individually and on behalf of others similarly situated,** *Plaintiff* | : : : : | **CIVIL ACTION** |
| v. | : : | |
| **VBIT TECHNOLOGIES CORP. et al,** *Defendants* | : : | No. 22-4006 |

## MEMORANDUM

PRATTER, J.                                                    MARCH 20, 2023

McCarter & English, LLP and Gartenberg Gelfand Dolukhanyan LLP have moved to withdraw as counsel for defendants VBit Technologies Corp. and VBit Mining LLC in this case alleging fraud and breach of contract arising out of a cryptocurrency mining operation. According to counsel, VBit's CEO, Lilian Zhou, has not responded to either firm's emails for months and counsel is unable to locate any other representative of VBit with sufficient knowledge, authority, or access to information to enable them to competently represent VBit in this matter. For the reasons that follow, the Court grants counsel's motion to withdraw.

### LEGAL STANDARD

"An attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party." E.D. Pa. R. Civ. P. 5.1(c). Whether to allow counsel to withdraw lies within the sound discretion of the Court. *See Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986); *McCune v. First Jud. Dist. of Pa. Prob. Dep't*, 99 F. Supp. 2d 565, 566 (E.D. Pa. 2000). In exercising its discretion, the Court considers Pennsylvania Rule of Professional Conduct 1.16(b), which, *inter alia*, permits an attorney to withdraw from representation where the representation "has been rendered unreasonably difficult by the client." Pa. R. Prof'l Conduct 1.16(b)(6); *see also Chandler v. La-Z-*

1

*Boy, Inc.*, No. 21-cv-5101, 2022 WL 3357674, at *2 (E.D. Pa. Aug. 15, 2022). The Court also considers "(1) the reason for which withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the action." *Taylor v. Stewart*, 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998).

DISCUSSION

**I. Good Cause**

VBit's counsel asserts that good cause exists to withdraw because they have been unable to establish contact with a representative of VBit with the knowledge, authority, or access to information necessary to enable competent representation. Specifically, counsel claims that VBit's CEO, Lilian Zhou, has "gone incommunicado" since December 2022 and has failed to respond to attempted communications on 13 occasions. Mot. for Leave to Withdraw as Counsel at 3, 5–6. Counsel also claims that they do not have Ms. Zhou's phone number and are not aware of her physical whereabouts. Moreover, counsel understands that Ms. Zhou is the only representative of VBit with access to the documents and information necessary to represent VBit.

"Clients have a duty to stay involved" in their own lawsuits. *Lawson v. Res. for Hum. Dev., Inc.*, No. 21-cv-2394, 2021 WL 5639759, at *1 (E.D. Pa. Nov. 30, 2021). That duty includes communicating with counsel. The failure to do so may therefore constitute good cause for withdrawal. *See Singleton v. Merline*, No. 07-cv-975, 2009 WL 10676638, at *3, *5 (D.N.J. Aug. 27, 2009) (good cause existed where client failed to respond to "numerous letters"). It is necessary, however, that any failure to communicate "actually impede the case to the point that the lawyer cannot do his job." *Lawson*, 2021 WL 5639759, at *1.

2

Here, counsel have made over a dozen—ultimately unsuccessful—efforts to contact Ms. Zhou or locate another VBit representative with access to the documents and information that are necessary if this case is to proceed to discovery or dispositive motions. VBit has therefore made counsel's representation "unreasonably difficult." Pa. R. Prof'l Conduct 1.16(b)(6). The Court therefore finds good cause to withdraw.

## II. Prejudice

In determining whether permitting counsel to withdraw will prejudice the parties, the Court first considers the current stage of the case. "Generally, courts find prejudice and deny counsel leave to withdraw from representation when the motion to withdraw comes at a very late stage in the litigation, placing the clients at a distinct disadvantage in finding replacement counsel and making it difficult for any replacement counsel to get up to speed on the relevant issues and history of the case." *Torres v. Gautsch*, No. 13-cv-1143, 2014 WL 3368782, at *2 (M.D. Pa. July 9, 2014). To date, there has been no discovery or dispositive motions in this case, and the parties have not conferred as to a schedule. This consideration thus weighs in favor of granting the motion to withdraw.

The Court notes, however, that VBit currently does not have replacement counsel lined up to take over representation in this matter. Permitting counsel to withdraw would therefore leave VBit unrepresented, which has the potential to prejudice VBit.[1] Nonetheless, because this case is

---

[1] The Court's analysis is somewhat complicated by the fact that VBit, a corporation, may only proceed in this Court through counsel. *See Simbraw, Inc. v. United States*, 367 F.2d 373, 374–75 (3d Cir. 1966). As the Third Circuit Court of Appeals has explained, however, the requirement that corporations be represented by counsel does not preclude counsel from withdrawing before new counsel has been arranged. *See Ohntrup*, 802 F.2d at 679–80. Where the ordinary requirements for withdrawal have been satisfied and counsel has demonstrated that its continued presence "serves no meaningful purpose," counsel for a corporation is "entitled to withdraw." *Id.* at 680. This "no meaningful purpose" standard marks the "outer boundary of the District Court's discretion," however, and the Court may still permit withdrawal short of withdrawing counsel meeting the "no meaningful purpose" test. *Ohntrup v. Makina Ve Kimya Endustrisi*

3

at an early stage, VBit's rights can be sufficiently protected by crafting a new schedule that will "give [new] counsel ample opportunity to become familiar with the litigation and prepare for trial." *Wolgin v. Smith*, No. 94-cv-7471, 1996 WL 482943, at *5 (E.D. Pa. Aug. 21, 1996). Any prejudice to VBit may therefore be mitigated by granting VBit sufficient time to seek new counsel.

The Court notes, however, that releasing defense counsel can work a prejudice on the plaintiff as well. Unless and until new counsel steps in to represent the corporate defendant, plaintiff Enno may well be stymied if he wishes to proceed apace with his claims. Although the Court will indulge VBit for a reasonable time to secure new counsel, the Court will not permit this defense end run to stop the litigation in its tracks by remaining unrepresented. How and when Mr. Enno chooses to shake the loose from the doldrums caused by VBit's unrepresented status remain to be seen, but are fully expected by this Court.

### III. Administration of Justice

The Court hesitates to grant counsel's motion to withdraw without first hearing from VBit. *See Lawson*, 2021 WL 5639759, at *2. VBit, however, has thus far ignored counsel's communications, including correspondence regarding counsel's intention to seek leave to withdraw. Under the circumstances, then, "the administration of justice does not foreclose withdrawal." *Id.*

### IV. Delay

This case is still in its infancy. There has been no discovery and no dispositive motions. Indeed, one remaining defendant, former VBIT CEO Danh Cong Vo, has yet to be served. Granting counsel's motion to withdraw would therefore result in minimal delay, even accounting

---

*Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014). Put another way, VBit's corporate status does not limit the Court's exercise of its discretion to grant a motion for withdrawal.

4

for an extension for VBit to retain new counsel. This factor, too, weighs in favor of granting counsel's motion.

## CONCLUSION

Having found that each factor favors withdrawal, the Court exercises its discretion to permit McCarter & English, LLP and Gartenberg Gelfand Dolukhanyan LLP to withdraw from this case. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE